**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **WADE ALAN WEDEMEIER** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.**  6:24-cv-00026 |
| | § | |
| **RLI INSURANCE COMPANY** | § | |
| *Defendant.* | § | |

---

**DEFENDANT RLI INSURANCE COMPANY'S**
**ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

---

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS:**

**COMES NOW,** RLI Insurance Company, Inc., Defendant in the above entitled and numbered cause, and files this its Original Answer in response to Plaintiff Wade Alan Wedemeier's Original Petition ("Plaintiff's Original Petition") and any supplements and amendments thereto, and would respectfully show as follows:

### I.    ANSWER

#### A.  Discovery Level

1.      Defendant contends that as a discovery procedure under Texas state law, following removal to federal court, discovery will be conducted pursuant to this Court's Scheduling Order and Federal Rule of Civil Procedure 26. To the extent a response is required, Defendant denies the averments contained in Paragraph 1.1 of Plaintiff's Original Petition.

#### B.  Parties

2.      Defendant does not have sufficient information to admit or deny the averments as to Plaintiff Wade Alan Wedemeier, as set out in Paragraph 2.1 of Plaintiff's Original Petition.

3.      With respect to the averments contained in Paragraph 2.2 of Plaintiff's Original Petition, Defendant admits that RLI Insurance Company authorized to conduct business in the State of Texas and was served with a copy of Plaintiff's Original Petition.

### C.  Venue and Jurisdiction

4.      With respect to the averments contained in Paragraph 3.1 of Plaintiff's Original Petition, Defendant asserts that venue is proper in the United States District Court for the Southern District of Texas Victoria Division, as the incident made the basis of this lawsuit occurred in Victoria County, Texas.

### D.  Conditions Precedent

5.      Defendant denies all averments contained and set forth in Paragraph 4.1 of Plaintiff's Original Petition, and denies that Plaintiff has obtained a judgment establishing liability and underinsured status of Ashely Renee Koehl.

### E.  Nature of the Case

6.      With respect to the averments contained in Paragraph 5.1 of Plaintiff's Original Petition, Defendant admits Plaintiff was involved in a motor vehicle accident with Ashely Renee Koehl on or about May 5, 2023, and that Defendant issued a Business Auto Policy to Ganem & Kelly Surveying, Inc. with a policy period from January 13, 2023 through January 13, 2024. Defendant denies the remaining averments in Paragraph 5.1, including subparts a. through e., of Plaintiff's Original Petition.

7.      With respect to the averments contained in Paragraph 5.2 of Plaintiff's Original Petition, Defendant admits Plaintiff has asserted a claim for uninsured/underinsured motorist coverage. Defendant denies the remaining averments in Paragraph 5.2 of Plaintiff's Original Petition.

8.      Defendant denies all averments contained and set forth in Paragraph 5.3 of Plaintiff's Original Petition and denies that Plaintiff has obtained a judgment establishing liability and underinsured status of Ashely Renee Koehl.

9.      Defendant denies all averments contained and set forth in Paragraph 5.4 of Plaintiff's Original Petition.

10.     With respect to the averments contained in Paragraph 5.5 of Plaintiff's Original Petition, Defendant admits Plaintiff has asserted a claim under Ganem & Kelly Surveying's uninsured/underinsured motorist coverage. Defendant denies the remaining averments in Paragraph 5.5 of Plaintiff's Original Petition and denies that Plaintiff has obtained a judgment establishing liability and underinsured status of Ashely Renee Koehl.

### F.  Breach of Contract

11.     With respect to the averments contained in Paragraph 6.1 of Plaintiff's Original Petition, Defendant admits that it issued a Business Auto Policy to Ganem & Kelly Surveying, Inc., Policy No. PSA0002477, and that said policy provided Uninsured/Underinsured Motorists Coverage subject to all terms and conditions of the policy. Defendant denies all remaining averments in Paragraph 6.1 of Plaintiff's Original Petition.

12.     Defendant denies that the conditions precedent have been met to establish Plaintiff's claim against Defendant, and denies all averments in Paragraph 6.2 of Plaintiff's Original Petition and denies that Plaintiff has obtained a judgment establishing liability and underinsured status of Ashely Renee Koehl.

### G.  Declaratory Judgment

13.     Defendant denies that the conditions precedent have been met to establish Plaintiff's claims against Defendant. Defendant denies all other averments contained and set forth in Paragraph 7.1 of Plaintiff's Original Petition.

### H.  Damages

14.     Defendants deny all averments contained and set forth in Paragraph 8.1, including subparts a. through e., of Plaintiff's Original Petition.

### I.  Attorney's Fees

15.     Defendant denies all averments contained in Paragraph 9.1 of Plaintiff's Original Petition.

### J.  TRCP 193.7

16.     The averments contained in Paragraph 10.1 of Plaintiff's Original Petition are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 10.1 of Plaintiff's Original Petition and that following removal to federal court, discovery and admissibility rulings will be governed by this Court, Federal Rule of Civil Procedure, and Federal Rule of Evidence.

### K.  Plaintiffs' Prayer

17.     Defendant admits that Plaintiff's Original Petition sets out damages that exceed the amount in controversy requirement for jurisdiction in United States District Court. Defendant denies the remaining averments in Paragraph 11.1 of Plaintiff's Original Petition.

18.     To the extent a response is required, Defendant denies all averments contained in Paragraph 11.2, including subparts a. through g., of Plaintiffs' Original Petition.

19.    To the extent that any allegations have not been either expressly admitted or denied herein, Defendant herby denies all such allegations and averments.

## II.    <u>AFFIRMATIVE DEFENSES</u>

20.    Defendant asserts the following defenses, inferential rebuttal defenses, and affirmative defenses in this case:

21.    <u>Comparative Responsibility</u>:  Defendant would show that the damages, or liabilities of which Plaintiffs complain, if any exist, are the result in whole or in part of the negligence of Plaintiff, in that Plaintiff failed to use that degree of care that a person of ordinary prudence would have used under the same or similar circumstances and that such acts and/or omissions were the proximate, producing, contributing, and/or sole cause of the underlying incident and the damages to Plaintiff, if any.

22.    <u>Loss of Income:</u>  Defendant would show that pursuant to section 18.091 of the Texas Rules of Civil Practice and Remedies Code, to the extent that Plaintiff is seeking recovery of past and future lost wages, evidence of this loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law.  Defendant further asserts the protections contained in section 18.091 of the Texas Rules of Civil Practice and Remedies Code.

23.    <u>Failure to Mitigate Damages</u>.  Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of Plaintiff's failure to mitigate damages.

24.    <u>Pre-Judgment Interest.</u>  For further answer, if same be necessary, Defendant further alleges that Plaintiff's claims for pre-judgment interest are limited by the damages and amounts

set forth in: Chapter 304, Texas Finance Code; and Chapter 41, Texas Civil Practice and Remedies Code; as applicable to this case.

26. <u>Unreasonable & Excessive Treatment & Expenses</u>: Defendant would further show that the medical treatment claimed by Plaintiff was excessive and unnecessary and that the medical expenses claimed were unreasonable and unnecessary and were not proximately caused by any act and/or omission by the underlying tortfeasor or Defendant.

26. <u>Paid or Incurred Medical Expenses:</u> Defendant would further show that Plaintiff's medical expenses should be limited to those actually paid or incurred by or on behalf of the claimant pursuant to Texas Civil Practice & Remedies Code section 41.0105 and *Haygood v. De Escabedo*, 256 S.W.3d 390, 395 (Tex. 2011).

27. <u>Pre-existing Conditions</u>. Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of pre-existing conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part the underlying tortfeasor or Defendant.

28. <u>New and Independent Cause.</u> Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of a "new and independent cause," which intervened between the underlying tortfeasor's alleged original wrong and the final injury so that the injury is attributed to a more remote cause asserted against the underlying tortfeasor or Defendant. *Dew v. Crown Derrick Erectors, Inc.,* 208 S.W.3d 448, 450 (Tex. 2006).

29. <u>Proportionate Responsibility:</u> Defendants would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of Plaintiff and the underlying tortfeasor, and that pursuant to Chapter 33 of the Texas Civil Practices

and Remedies Code, Defendant is entitled to have the trier of fact determine the percentage of responsibility with respect to each parties' causing or contribution to cause in any way the harm for which recover of damages is sought by Plaintiff.

30.    <u>Subsequent Conditions</u>.  Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of subsequent conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of the underlying tortfeasor or Defendant.

31.    <u>Unavoidable Accident</u>: Pleading further, if necessary, Defendant would show the accident complained of was an unavoidable accident over which the underlying tortfeasor or had no control, or in the alternative, it was beyond the reasonable control or foreseeability of the underlying tortfeasor or Defendant to prevent.

32.    <u>Sudden Emergency</u>: Defendant further assert that the underlying tortfeasor was confronted by a sudden emergency arising suddenly and unexpectedly, which was not proximately caused by any negligence on the underlying tortfeasor's part and which to a reasonable person, requires immediate action without time for deliberation. Defendant denies that any act or omission of theirs was a producing cause of the injuries and damages, if any, claimed by the Plaintiff in this cause of action.

### III.    <u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED**, Defendant RLI Insurance Company, Inc. respectfully pray that Plaintiff takes nothing by this action, that Defendant be awarded costs and reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g), and that the Court grant Defendant any such other and further relief, general or special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,


By:     /s/ David Sargent

       **DAVID L. SARGENT**
       State Bar No.: 17648700
       david.sargent@sargentlawtx.com

       **SARGENT LAW, P.C.**
       1717 Main Street, Suite 4750
       Dallas, Texas 75201
       Telephone: (214) 749-6000
       Facsimile: (214) 749-6100

       **ATTORNEY FOR DEFENDANT**
       **RLI INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of August 2024, a true and correct copy of

the foregoing document was forwarded via US Mail to counsel for Plaintiff:

Chuck Cole
Cole, Cole, Easley & Sciba, P.C.
302 West Forrest
Victoria, Texas 77901


                              /s/ David L. Sargent
                              **DAVID L. SARGENT**